UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:04-CR-129 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| HENRY JORDAN, a/k/a "Hank Jordan", | ) | |
| a/k/a "Henry Broadwell", a/k/a "Douglas | ) | |
| Henry Broadwell" | ) | |

### **O R D E R**

Before the Court is the *pro se* motion of Defendant Henry Jordan ("Jordan") to extend the time in which to file a notice of appeal (Court File No. 50). This is the second time Jordan has requested the Court to give him more time to file a notice of appeal (*See* Court File No. 46). The Court granted Jordan's first request and gave him until March 1, 2006 to file a notice of appeal (Court File No. 48). Now, Jordan requests sixty additional days in order to file a notice of appeal. "Neither a district court nor an appellate court has the authority to extend the jurisdictional time limits in Rule 4(b)." *Johnson v. United States*, 146 Fed. Appx. 4 (6th Cir. June 27, 2005) (citing Fed. R. App. P. 26(b)(1)). Therefore, the Court only has the authority to extend the notice of appeal deadline to March 6, 2006.[1] This date has already passed. Hence, the Court cannot extend the deadline to any date which would allow Jordan to file a formal notice of appeal.

---

[1] A final judgment in Jordan's case was entered on January 19, 2006. Therefore, he originally had until February 2, 2006 to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A) & 26(a). Pursuant to Fed. R. App. P. (4)(b)(4) the Court can then extend the deadline thirty days "from the expiration of the time otherwise prescribed by [] Rule 4(b)." In Jordan's case, this date is March 6, 2006. The Court notes its previous calculation of the extension period was incorrectly made (*See* Court File No. 48, n.2).

However, although the Court cannot grant Jordan more time to file a notice of appeal, it does have the authority to treat his motions as the functional equivalent of a notice of appeal as long as the motions comply with Fed. R. App. P. 3(c) and were filed before the Rule 4(b) time period expired. *Smith v. Barry*, 502 U.S. 244, 248 (1992). The two motions filed by Jordan, read together, specify Jordan wants to appeal his sentence, the parties involved, the issues he wants to appeal, and the case number (*See* Court File Nos. 46, 50). Although Jordan does not specify to which court he is appealing, such a specification is not required because the only court to which he can appeal is the United States Court of Appeals for the Sixth Circuit. *See Dillon v. United States*, 184 F.3d 556, 557-78 (6th Cir. 1999). Thus, Rule 3(c) appears to have been satisfied. Further both motions were made before the Rule 4(b) time period expired. Accordingly, the Court **DEEMS** Jordan's requests for additional time (Court File Nos. 46, 50) a **NOTICE OF APPEAL**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**