UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| HENRY JORDAN, | ) | | |
| | ) | | |
|     *Petitioner*, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:04-CR-129-TRM-SKL-1 |
| | ) | | 1:16-CV-188-TRM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
|     *Respondent*. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docs. 114, 119.) Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. The United States responded in opposition on July 5, 2016. (Doc. 117.) Petitioner did not reply, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. Also before the Court is Petitioner's request that the Court appoint counsel to assist in the litigation of his *Johnson*-based petition. (Doc. 118.) For the reasons that follow, Petitioner's request for counsel will be **DENIED as moot**, and his § 2255 petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

In 2005, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g), possessing marijuana within intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and possessing a firearm in furtherance of a drug trafficking offense, in violation of § 924(c)(1)(A)(i). (Presentence Investigation Report ("PSR") at ¶¶ 12, 15.) Based on two prior

Tennessee convictions for second-degree burglary, one prior Tennessee conviction for third-degree burglary, and one prior Tennessee conviction for armed robbery, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum. (*Id.* at ¶¶ 44, 49, 51, 52, 67.) The probation officer also designated Petitioner a career offender under Section 4B1.1 of the United States Sentencing Guidelines and assigned an advisory Guideline range of 262 to 327 months' incarceration. (*Id.* at ¶¶ 43, 51, 52, 56, 68.) On January 19, 2006, the Court sentenced Petitioner to 240 months' imprisonment—180 months for the § 922(g) offense, a concurrent term of 60 months for the drug conviction, and a consecutive term of 60 months for the § 924(c) conviction. (Doc. 45.) Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence. *United States v. Jordan*, 308 F. App'x 990 (6th Cir. 2009).

On April 14, 2009, Petitioner filed a motion to vacate, correct, or set aside his sentence under § 2255. (Doc. 70.) This Court denied and dismissed that petition on the merits on October 25, 2012. (Docs. 100, 101.) The Supreme Court issued the *Johnson* decision on June 26, 2015, and Petitioner asked the Sixth Circuit for leave to file a successive petition. On June 2, 2016, Petitioner filed the instant authorized petition for relief based on the *Johnson* decision. (Docs. 114, 115, 119.)

## II. REQUEST FOR COUNSEL

Petitioner requests that the Court appoint counsel to assist in the litigation of the *Johnson*-based collateral challenge. (Doc. 118.) By Standing Order on February 11, 2016, the Court instructed the Federal Defender Services of Eastern Tennessee ("FDSET") to "identify defendants with a claim for relief under *Johnson*" and appointed FDSET to "represent any defendant who seeks relief under § 2255 in light of *Johnson*." E.D. Tenn. SO-16-02 (Feb. 11,

2016). Because the Court already appointed counsel to look into whether he has a claim and supplement his filings where appropriate, Petitioner's request for counsel to do the same will be **DENIED as moot**.

### III. PETITION FOR COLLATERAL RELIEF

#### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

#### B. Analysis

The petition contains two grounds for collateral relief: (1) the *Johnson* decision removed an unspecified number of petitioner's prior convictions from § 924(e)'s definition of "violent felony" such that, without those conviction, Petitioner no longer has sufficient predicates for enhancement; and (2) the *Johnson* decision removed third-degree burglary from Section 4B1.2's definition of "crime of violence" such that, without that conviction, he no longer qualifies as a career offender.

3

### 1. Propriety of Armed Career Criminal Designation

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a

4

prior offense, and not to the particular facts underlying [each individual] conviction[]."
*Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

The Court finds that at least three of the prior convictions used to categorize Petitioner as an armed career criminal categorically qualify as predicate offenses independent of the residual clause invalidated by the *Johnson* decision. As such, no award of collateral relief is warranted.

At the time Petitioner committed his burglary offenses, Tennessee defined first-degree burglary as the breaking and entering into a dwelling house or any house, building, room or rooms therein used and occupied by any person or person as a dwelling place or lodging by night, with intent to commit a felony. Tenn. Code Ann. § 39-901 (1980); *State v. Overton*, 644 S.W.2d 416, 417 (Tenn. Crim. App. 1982). Tennessee defined second-degree burglary as the breaking and entering into a dwelling house or any house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging by day, with intent to commit a felony. Tenn. Code Ann. § 39-903 (1981); *State v. Moore*, 614 S.W.2d 348, 351 (Tenn. 1981). Tennessee defined third-degree burglary as breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony.[1] Tenn. Code Ann. § 39-904 (1980); *State v. Eberhardt*, 659 S.W.2d 807, 810 (Tenn. Crim. App. 1983); *Johnson v. State*, 596 S.W.2d 97, 102 (Tenn. Crim. App. 1979).

---

[1] Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

For purposes of § 924(e), the Supreme Court defines "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). All three of Petitioner's prior burglary convictions correspond perfectly with *Taylor*'s definition. *See, e.g.*, *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (confirming, post-*Johnson*, that Tennessee third-degree burglary is categorically a violent felony under the enumerated-offense clause); *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding that pre-1989 Tennessee second-degree burglary categorically qualifies as generic burglary and is, thus, a violent felony under the enumerated-offense clause).[2]

To the extent that Petitioner argues that third-degree burglary cannot qualify as an ACCA predicate because it does not involve the burglary of a dwelling, he is mistaken. "[B]urglary of a dwelling" is required by the career-offender provision of the Sentencing Guidelines, not the parallel provisions found in the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a)(2) (mirroring language of the ACCA's enumerated offense clause with the exception of requiring "burglary of a dwelling" instead of generic "burglary"); *see also United States v. Royal*, 523 F. App'x 377,

---

[2] In *Mathis v. United States*, 136 S. Ct. 2246 (2016), the Supreme Court held that a prior conviction cannot qualify as a generic form of a predicate violent felony if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former. Unlike the Iowa statute at issue in *Mathis*, however, the Tennessee statutes at issue here do not contain any "alternate ways of satisfying a single locational element" that fall outside *Taylor*'s definition of generic burglary. Rather, the phrases "dwelling house or any house, building, room or rooms therein" and "business house, outhouse, or any other house of another, other than a dwelling house" align with generic burglary's elemental requirement that the breaking or entering be of a "building or structure." As such, *Mathis* has no impact on the Court's ability to categorize pre-1982 first, second, and third burglary convictions as violent felonies under the enumerated-offense clause.

6

387–88 (6th Cir. 2013) ("[U]nder Taylor and the law of this Circuit, there is no distinction between burglaries of habitations and nonhabitations" for ACCA purposes); *United States v. Thomson*, 268 F. App'x 430, 435–36 (6th Cir. 2008) (deeming it "true, but irrelevant" that the "Guidelines use a definition different from that found in § 924(e)" because "the terms 'crime of violence' and 'violent felony' have distinctly different meanings and are not interchangeable"); *Hornaday v. Lamanna*, No. 99-4196, 2000 WL 658075, at *2 (6th Cir. May 9, 2000) ("For a burglary to qualify as a crime of violence under [Section] 4B1.1, the burglary must involve a 'dwelling,' per its definition in [Section] 4B1.2(a)(2) . . . to qualify as a violent felony under the ACCA and [Section] 4B1.4. . . the burglary need only involve a structure or building.").

### 2. Propriety of Career Offender Designation

On March 6, 2016, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). As a result, the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's career offender designation under Section 4B1.1.

## IV. CONCLUSION

For the reasons discussed, Petitioner's request for counsel (Doc. 118) will be **DENIED as moot** and his § 2255 petition (Docs. 114, 119) will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**